# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TORRANCE K. GULLETT, | ) |
| Plaintiff, | ) |
| vs. | ) CA 18-0423-MU |
| ANDREW M. SAUL,<br>Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Torrance K. Gullett brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying his claim for Supplemental Security Income ("SSI"), based on disability. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 19 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, … order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See* Doc. 22. Upon consideration of the administrative

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 5, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Saul is substituted for Nancy Berryhill as the proper defendant in this case.

record, Gullett's brief, and the Commissioner's brief,[2] it is determined that the Commissioner's decision denying benefits should be affirmed.[3]

## I. PROCEDURAL HISTORY

On or about May 29, 2013, Gullett applied for SSI, based on disability, under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383d. (Tr. 75-85). His application was denied at the initial level of administrative review on November 4, 2013. (Tr. 49-50). On November 19, 2013, Gullett requested a hearing by an Administrative Law Judge (ALJ). (Tr. 54). After a hearing was held on January 28, 2015 (Tr. 559-586), the ALJ issued an unfavorable decision finding that Gullett was not under a disability from the date his application for SSI was filed, May 29, 2013, through the date of the decision, June 5, 2015. (Tr. 292-308). Gullett appealed the ALJ's decision to the Appeals Council, which granted his request for review on October 13, 2016 and remanded his case to the ALJ for a supplemental hearing and issuance of a new decision. (Tr. 309-311). A second hearing was conducted by the ALJ on May 3, 2017. (Tr. 587-645). After this hearing, the ALJ again issued an unfavorable decision finding that Gullett was not under a disability from the date his application was filed through the date of the decision, January 31, 2018. (Tr. 15-32). On March 20, 2018, Gullett appealed this decision to the Appeals Council, which denied his request for review on August 18, 2018. (Tr. 8-11).

---

[2] The parties elected to waive oral argument. *See* Docs. 28, 29.
[3] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 19. ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

After exhausting his administrative remedies, Gullett sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. 1). The Commissioner filed an answer and the social security transcript on January 7, 2019. (Docs. 11, 12). Both parties filed briefs setting forth their respective positions. (Docs. 13, 27). The case is now ripe for decision.

## II.  CLAIM ON APPEAL

Gullett alleges that the ALJ's decision to deny him benefits is in error because the ALJ's Residual Functional Capacity (RFC) determination was not supported by substantial evidence. (Doc. 13 at p. 2).

## III. BACKGROUND FACTS

Gullett was born on July 26, 1991 and was almost 22 years old at the time he filed his claim for benefits. (Tr. 41). Gullett initially alleged disability due to mental illness. (*Id.*). Gullett went to school through the 11th grade and was in special education classes. (Tr. 590, 593, 602). He has taken GED classes for several years but has not passed the GED exam. (Tr. 594-95). He has never worked. (Tr. 597). At the time of his second hearing, he lived with his parents. (Tr. 592). He previously lived in a group home for about a year. (*Id.*). He does not have a driver's license because he could not pass the test. (Tr. 599). He testified that, on an average day, he manages his own personal care, attends GED class three days per week for about three hours per session, watches television, plays video games, and visits with a friend. (Tr. 606, 613). He further testified that he does not do any chores or any cooking. (Tr. 607-09) He testified that he attends church on Sunday but does not participate in any other activities. (Tr. 611-12).

Gullett alleged that he is unable to work due to not being able to focus on job tasks. (Tr. 598).

## IV. ALJ'S DECISION

After conducting a hearing on this matter, the ALJ made a determination that Gullett had not been under a disability during the relevant time period, and thus, was not entitled to benefits. (Tr. 15-41). The findings set forth by the ALJ in her January 31, 2018 decision that are relevant to the claims on appeal are set forth herein.

## V. DISCUSSION

Eligibility for SSI benefits requires that the claimant be disabled. 42 U.S.C. § 1382(a)(1)-(2). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC,

4

age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted). "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

As set forth above, Gullett has asserted that the Commissioner's decision to deny him benefits is in error because the ALJ's Residual Functional Capacity (RFC)

determination was not supported by substantial evidence. (Doc. 13 at p. 2). Gullett asserts that the RFC delineated by the ALJ is not supported by substantial evidence, is contrary to his treatment records, and "essentially substitutes the [ALJ's] own medical opinion." (Doc. 13 at p. 6). Specifically, Gullett argues that the ALJ erred by assigning significant weight to the opinion of Dr. Hinton but little and no weight to the opinions of Dr. Starkey and Dr. Davis. (*Id.*). Conversely, the Commissioner contends that Gullett's assertions of error are without merit because the "ALJ articulated well-founded reasons for her determination" that Gullett "could perform a narrow range of work activity." (Doc. 27 at p. 6).

After reviewing and weighing the medical evidence, the Function Reports completed by Gullett and his mother, and the other evidence of record and conducting two hearings, the ALJ found that Gullett had severe impairments of "schizophrenia; borderline intellectual functioning; attention deficit hyperactivity disorder ("ADHD"); and obesity" but did not have an impairment or combination of impairments that met or equaled one of the listed impairments. (Tr. 17-24). The ALJ then found Gullett to have the RFC to perform medium work, with certain limitations, set forth as follows:

> **The claimant can lift and carry 50 pounds occasionally, 25 pounds frequently. The claimant can stand or walk for 6 hours in an 8-hour workday and sit for 6 hours with customary breaks. He cannot push or pull leg or foot controls. The claimant cannot work at heights, operate hazardous moving equipment, drive, operate handheld vibratory equipment, or work in a hazardous environment such as around open flames or caustic chemicals. The claimant can perform simple routine tasks with occasional changes in the work setting. The claimant cannot interact with the public. The claimant cannot perform a job that requires him to read or handle money. The claimant cannot be required to coordinate with coworkers in order to complete his own tasks or team**

> **tasks. The claimant cannot have a job that requires him to meet quotas.**

(Tr. 24-25). At steps four and five, the ALJ found that Gullett had no past relevant work, but that there were a significant number of other jobs in the national economy that he could perform considering his age, education, work experience, and RFC. (Tr. 30-31).

A claimant's RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1. It is an "administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2. It represents **the most, not the least**, a claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545; SSR 96-8p, 1996 WL 374184, at *2 (emphasis added). The RFC assessment is based on "all of the relevant medical **and other evidence**." 20 C.F.R. § 404.1545(a)(3). In assessing a claimant's RFC, the ALJ must consider only limitations and restrictions attributable to medically determinable impairments, i.e., those that are demonstrable by objective medical evidence. SSR 96-8p, 1996 WL 374184, at *2. Similarly, if the evidence does not show a limitation or restriction of a specific functional capacity, the ALJ should consider the claimant to have no limitation with respect to that functional capacity. Id. at *3. The ALJ is **exclusively** responsible for determining an individual's RFC. 20 C.F.R. § 404.1546(c).

It is well-settled that the ultimate responsibility for determining a claimant's RFC, in light of the evidence presented, is reserved to the ALJ, not to the claimant's

7

physicians or other experts. *See* 20 C.F.R. § 404.1546. "[T]he ALJ will evaluate a [physician's] statement [concerning a claimant's capabilities] in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ." *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923 (11th Cir. 2007); *see also Pritchett v. Colvin*, Civ. A. No. 12-0768-M, 2013 WL 3894960, at *5 (S.D. Ala. July 29, 2013) (holding that "the ALJ is responsible for determining a claimant's RFC"). "To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has 'provide[d] a sufficient rationale to link' substantial record evidence 'to the legal conclusions reached.'" *Jones v. Colvin*, CA 14-00247-C, 2015 WL 5737156, at *23 (S.D. Ala. Sept. 30, 2015) (quoting *Ricks v. Astrue*, No. 3:10-cv-975-TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27, 2012) (internal quotation marks and citations omitted)).

A review of the entire record reveals that the ALJ was presented with a multitude of medical evidence. In this case, the ALJ discussed the medical evidence in detail, including the weight accorded to the medical opinion evidence and the grounds therefor. (Tr. 18-30). The ALJ also described information provided by Gullett and his mother in the Function Reports they completed and at the hearings concerning his limitations and activities. (*Id*.). The ALJ made reference to the medical findings, as well as other evidence, in assigning additional limitations to Gullett's medium duty status. (*Id*.) Having reviewed the evidence and considered the arguments made by Gullett and being mindful of the admonishment that the reviewing court may not reweigh the evidence or substitute its judgment for that of the Commissioner, the Court finds that the RFC assessment made by the ALJ was supported by substantial evidence.

In this case, the ALJ did not base her decision on any single opinion, but rather, she considered the full record and a variety of factors in assessing Gullett's RFC. (Tr. 24-30). It is well-settled that the ultimate responsibility for determining a claimant's RFC, in light of the evidence presented, is reserved to the ALJ, not to the claimant's physicians or other experts. *See* 20 C.F.R. § 404.1546. "[T]he ALJ will evaluate a [physician's] statement [concerning a claimant's capabilities] in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ." *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923 (11th Cir. 2007); *see also Pritchett v. Colvin*, Civ. A. No. 12-0768-M, 2013 WL 3894960, at *5 (S.D. Ala. July 29, 2013) (holding that "the ALJ is responsible for determining a claimant's RFC"). "To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has 'provide[d] a sufficient rationale to link' substantial record evidence 'to the legal conclusions reached.'" *Jones v. Colvin*, CA 14-00247-C, 2015 WL 5737156, at *23 (S.D. Ala. Sept. 30, 2015) (quoting *Ricks v. Astrue*, No. 3:10-cv-975-TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27, 2012) (internal quotation marks and citations omitted)). Based on the Court's review of the record and the ALJ's decision, the Court finds that the ALJ did so here.

Gullett asserts that the ALJ erred in assigning weight to the medical opinions of Dr. Hinton, the State Agency medical consultant, Dr Starkey, an examining psychologist, and Dr. Davis, the consulting medical expert. The relevant social security regulations[4] provide that "medical opinions are statements from acceptable medical

---

[4] Because Gullett filed his claim for social security benefits prior to March 27, 2017, the applicable rules for evaluating medical opinion evidence are set forth in 20 C.F.R. § 404.1527. *See* 20 C.F.R. §§ 404.614, 404.1527.

9

sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [their] symptoms, diagnosis and prognosis what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). "When weighing each medical opinion, the ALJ must consider whether the doctor has examined the claimant; the doctor's relationship with the claimant; the medical evidence supporting the doctor's opinion; how consistent the doctor's opinion is with the record as a whole; and the doctor's specialization." *Muniz v. Comm'r of Soc. Sec.*, 716 F. App'x 917, 919 (11th Cir. 2017) (citing 20 C.F.R. § 416.927(c); *see also Nichols v. Comm'r, Soc. Sec. Admin.*, No. 16-11334, 2017 WL 526038, at * 5 (11th Cir. Feb. 8, 2017) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)) (stating that "[i]n determining how much weight to give a medical opinion, the ALJ considers such factors as the examining or treating relationship, whether the opinion is well-supported, whether the opinion is consistent with the record, and the doctor's specialization").

A review of the entire record in this case reveals that the ALJ was presented with multiple opinions, testimony, and medical records that indicated Gullett's mental functional limitations. In this case, the ALJ discussed the medical evidence in detail, including the weight accorded to the medical opinion evidence and the grounds therefor. (Tr. 18-20, 22-27). Gullett complains that it was improper for the ALJ to accord significant weight to the opinion of Dr. Hinton, which was given on November 4, 2013, because it was four years prior to the ALJ's decision. (Doc. 13 at p. 6). However, the ALJ noted that "Dr. Hinton's opinion was well supported by the mental health treatment records, including subsequent treatment records, which show a positive response to

medication and essentially normal mental status exams with appropriate treatment" and that his opinion was "generally consistent with the consultative evaluations of Dr. Williams and Dr. Starkey." (Tr. 30).

Likewise, Gullett alleges that the ALJ erred by giving little weight to the opinion of Dr. Starkey that his ability to respond to usual work situations or to changes in a routine work setting is markedly impaired. (Doc. 13 at p. 4). In her opinion, the ALJ explained that she accorded little weight to this opinion because "Dr. Starkey's opinion in this regard was based, in part, on her finding of irritability and a history of physical aggression." (Tr. 28). The ALJ went on to note that the record shows that Gullett has not gotten into any physical fights since starting on psychotropic medication, that he acknowledged at the hearing that he is not irritable when on medication, and that the mental treatment records consistently show no agitation. The ALJ, therefore, supported her decision to acccord that portion of Dr. Starkey's opinion little weight.

Gullett also claims that the ALJ erred when she accorded no weight to Dr. Davis's opinion that Gullett had an impairment that met a listing or to his opinion that Gullett had marked mental functional limitations. (Doc. 13 at p. 6). He contends that the ALJ substituted her own medical opinion for that of a psychologist. (*Id*.). In her decision, the ALJ stated that she gave no weight to these opinions, which were based solely on Dr. Davis's review of the records, because they were "not supported by the objective evidence of record, including [Gullett's] mental health treatment records, which document normal mental status exams." (Tr. 30). The ALJ noted that he "consistently denied having any psychotic or psychiatric symptoms while on medication," which Dr. Davis acknowledged. (*Id*.). The ALJ also pointed out that Dr. Davis's opinion that

Gullett's social interactions were pretty impoverished were primarily based on Gullett's own reported history, which was contradicted by other evidence. The ALJ explained that although the record showed that he may isolate at times, it also reflected that he is generally not irritable or aggressive on medication, has friends, spends time with family, goes to the movies and out to eat, participates in GED classes, and goes to church.

Based on its review of the ALJ's decision and the record, the Court finds that the ALJ properly applied the appropriate standard in evaluating the weight to be accorded these medical opinions. It is well-established that it is not this Court's place to reweigh the evidence or substitute its judgment for that of the Commissioner. This Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. The Court finds that the ALJ's Decision that Gullett is not entitled to benefits is supported by substantial evidence and based on proper legal standards.

Even assuming that the ALJ erred in her weighing of the opinions of Drs. Hinton, Starkey, and Davis, the Court finds that such error was harmless here where substantial evidence clearly supports the ALJ's RFC finding that Gullett has the RFC to perform medium work with the limitations set forth in the RFC. *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (holding that when "an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand").

## **CONCLUSION**

In light of the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **23rd** day of **March, 2020**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**